**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Derrick Jerome RAWLS, Defendant–
Appellant.**

No. 01–5944.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2002.

Before BOGGS, SUHRHEINRICH, and
CLAY, Circuit Judges.

Derrick Jerome Rawls appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1990, Rawls pleaded guilty to possessing cocaine base for intended distribution and to using or carrying a firearm during a drug-trafficking crime. *See* 21 U.S.C. § 841(a) *and* 18 U.S.C. § 924(c). He was sentenced to 120 months of imprisonment and three years of supervised release.

Rawls began his supervised release on February 10, 2000. A probation officer later filed a petition which indicated that he had been arrested for possessing marijuana. The district court held a hearing and concluded that Rawls had violated the terms of his supervised release by committing another crime. Thus, the court sentenced him to an additional eighteen months of incarceration and eighteen months of supervised release. It is from this judgment that Rawls now appeals.

The district court must find that a defendant has violated the terms of his supervised release by a preponderance of the evidence. *United States v. Lowenstein,* 108 F.3d 80, 85 (6th Cir.1997). We review the court's decision for an abuse of discretion and accept its factual findings unless they are clearly erroneous. *Id.* at 85–86; *United States v. Bradshaw,* 102 F.3d 204, 210 (6th Cir.1996).

In the instant case, the testimony of two detectives indicated that they had arranged to purchase four pounds of marijuana from Rawls through a confidential informant ("CI") and an undercover agent. They watched as the CI and officer drove an undercover vehicle up to Rawls's home and saw him walk up to the vehicle carrying a large white plastic bag. The vehicle had been searched for contraband prior to the transaction. The detectives drove up and saw Rawls standing near the rear door of the vehicle. He had the white bag in his hand, and it contained approximately four pounds of marijuana. About $1700.00 was found on Rawls's person, and an additional pound of marijuana was found in a broken down automobile in his driveway. In light of this evidence, it cannot be said that the district court abused its discretion by revoking Rawls's supervised release. *See Lowenstein,* 108 F.3d at 85–86.

Rawls now primarily argues that the district court should have applied the "missing witness rule" from *Graves v. United States,* 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893), which held as follows:

[I]f a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates

the presumption that the testimony, if produced, would be unfavorable.

*Id.* at 121, 14 S.Ct. 40. Rawls argues that the absence of the CI and undercover officer at his hearing creates an inference that their testimony would have been unfavorable to the government on the issue of whether the marijuana was already in the undercover vehicle when he approached it.

This argument is unpersuasive, as there is no indication that the government interfered with any effort by Rawls to produce these witnesses and no indication that Rawls tried to obtain their testimony by issuing subpoenas for them before the hearing. *See United States v. Spinosa,* 982 F.2d 620, 633 (1st Cir.1992). Moreover, the detectives' testimony would have provided ample support for the district court's decision, even if a negative inference had been drawn from the absence of the CI and undercover officer. Thus, the government reasonably declined to submit corroborative testimony from the missing witnesses and Rawls has not shown that he was prejudiced by their absence at the hearing. *See United States v. Welch,* 15 F.3d 1202, 1215 & n. 17 (1st Cir.1993).

Accordingly, the district court's judgment is affirmed.