NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 09a0027n.06
Filed: January 14, 2009

No. 08-5406

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| BILL LAYNE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: BOGGS, Chief Circuit Judge, KETHLEDGE, Circuit Judge; and THAPAR, District Judge.**[*]

**THAPAR, District Judge.** Bill Layne appeals a district court judgment revoking his supervised release and imposing an additional term of imprisonment. Layne argues that the district court erred in revoking his supervised release because insufficient evidence existed to support a finding that he had violated a condition of his supervised release. Because this court finds Layne's arguments to be unavailing, the district court is affirmed.

The revocation of Layne's supervised release stems from an incident that occurred on November 21, 2007, in which Layne was arrested and charged with possession of a controlled

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

substance for resale. As a result of this arrest, the probation officer filed a petition to revoke Layne's supervised release.

On March 17, 2008, the district court held a revocation hearing at which Detective Charlie Kilgore of the Soddy-Daisy Police Department testified. Detective Kilgore testified to the following: a reliable source notified Kilgore that Layne would be in Mimosa Trailer Park to sell morphine and syringes on November 21, 2007, and that Layne would arrive in a red car with his daughter. On November 21, 2007, Kilgore went to Mimosa Trailer Parker and observed Dale Dowden standing outside a residence and saw Layne arrive in the red car with his daughter. Mr. Dowden then approached the vehicle and stood on the passenger side of the car where Layne was seated. Officers immediately approached the car and requested consent to search the car. Layne's daughter refused. Thus, the officers contacted the Chattanooga Police Department to get a K-9 unit. In the meantime, the officers moved Dowden away from the car, patted him down, and found syringes in his pocket.

When the K-9 unit arrived approximately 20-30 minutes later, the dog alerted to the driver's side of the vehicle. The three officers on the scene searched the vehicle and found ten morphine pills on the floorboard of the passenger's side of the car—where Layne had been seated. At the scene, Layne's daughter ultimately claimed responsibility for everything found in the vehicle.

Detective Kilgore also testified that he had interviewed Dowden. Dowden informed him that Layne had sold him a couple of pills earlier and that this was his second trip back.

No one else testified, and no evidence was presented to contradict Detective Kilgore's testimony. Consequently, the district court concluded that Layne violated the terms of his supervised release when he engaged in this conduct. The district court sentenced him to a term of fifteen months' imprisonment, but did not lengthen his term of supervised release.

To revoke a defendant's supervised release, a district court must find by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005). This court reviews a district court's decision to revoke a defendant's term of supervised release for an abuse of discretion and accepts its factual findings unless they are clearly erroneous. *Carr*, 421 F.3d at 429.

The district court did not abuse its discretion in revoking Layne's supervised release because one of the conditions of his supervised release was that he not commit another federal, state, or local crime, and Detective Kilgore provided ample evidence from which the district court could conclude that Layne violated this condition. *See United States v. Rawls*, 48 F. App'x 965, 965-66 (6th Cir. 2002) (finding that a district court did not abuse its discretion by revoking supervised release when detectives learned from an informant that the defendant would be selling drugs and they saw the defendant leave his home and walk up to a car carrying a large plastic bag which contained drugs). Moreover, nothing in the record indicates that the district court's findings were clearly erroneous. Finally, the propriety of the district court's decision is supported by the fact that the district court made its determination only after a hearing where the record indicates it evaluated the contested relevant facts and considered whether the facts warranted revocation. *See United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (citing *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972)).

Layne, however, attacks the district court's decision by pointing to some of the evidence and speculating as to why it could not be true. For example, he claims that it would be odd for Layne to leave "a metal container in plain view," and that Dowden had plenty of time to toss "the metal container into the car." Appellant's Br. at 12. He further points out that the drug dog alerted on the

driver's side—rather than the passenger's side—of the car, that the syringes were found on Dowden, and that Dowden had changed his story. *Id.* at 13-14. Thus, Layne claims, the district court did not have sufficient evidence from which to find that Layne was involved in the sale of drugs. *Id.* at 14. These arguments, though, are nothing more than speculation as to a possible interpretation of the evidence. The district court not only rejected this speculation, but found the evidence against Layne to be "pretty compelling." J. A. at 41. Indeed, based on the available evidence, the district court was well within its discretion to revoke Layne's supervised release.

Accordingly, we **AFFIRM** the judgment of the district court.